**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1193

NERY F. CAMACHO-RODRÍGUEZ; KATRINA M. CAMACHO-TORRES;
KATRINA N. CAMACHO; ROSE MARIE CAMACHO,
Plaintiffs, Appellants,

v.

JOHN E. POTTER, POSTMASTER GENERAL, United States
Postal Service; LUIS A. ECHEVARRIA-BEZA, M.D.,
Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. José Antonio Fusté, U.S. District Judge]

Before

Selya, Circuit Judge,

Coffin, Senior Circuit Judge,

and Howard, Circuit Judge.

Rafael A. Oliveras Lopez de Victoria for appellants.
Isabel Muñoz-Acosta, Assistant United States Attorney with
whom H.S. Garcia, United States Attorney and Miguel A. Fernandez,
Assistant United States Attorney, Chief, Civil Division, were on
brief, for appellees.

June 3, 2005

**Per Curiam**.   Plaintiffs Nery F. Camacho-Rodríguez, a United States postal service letter carrier, and members of his family sued the Postmaster General of the United States and a postal service employee for violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213.  The plaintiffs asserted that the postal service failed reasonably to accommodate Camacho for a severe back condition that prevented him from lifting in excess of fifty pounds.

The defendants did not respond to the complaint and were therefore defaulted.  Under Fed. R. Civ. P. 55(e), a judgment by default may not enter against the United States unless the claimant establishes a right to relief by evidence satisfactory to the court.  In accord with this rule, the district court held a trial to determine whether the plaintiff could establish an ADA violation.

While recognizing that, as this case was postured, "the quantum and quality of evidence that might satisfy a court can be less than normally required," the court determined that the plaintiffs had nevertheless failed to establish an ADA violation. See Camacho-Rodríguez v. Potter, No. 04-1193, slip op. at 5 (D.P.R. Dec. 5, 2003) (quoting Alameda v. Sec'y of Health Ed. and Welfare, 622 F.2d 1044, 1048 (1st Cir. 1980)).  The court found that Camacho was not disabled under the ADA because the plaintiffs did not demonstrate that Camacho's back condition substantially limited the

major life activities of lifting or working. See id. at 10. As to lifting, the court concluded that the plaintiffs had produced evidence of Camacho's lifting limitation at work but did not show that his inability to lift was so severe that it substantially limited his ability to lift outside the parameters of his job. See id. at 9. As to working, the court concluded that the plaintiffs had shown that Camacho was unable to perform his job as a letter carrier but did not prove that Camacho was precluded from performing a class of jobs because of his back condition. See id. at 10.

We have considered the plaintiffs' arguments for overturning the district court's ruling and reviewed the entire record. The district court did not err in concluding that the plaintiffs failed to establish that Camacho suffered a disability under the ADA. We have no cause to add to the district court's well-reasoned opinion and therefore affirm substantially on the grounds stated therein. See Corrada Betances v. Sea-Land Serv. Inc., 248 F.3d 40, 43 (1st Cir. 2001) ("Where, as here, a trial judge astutely takes the measure of a case and hands down a convincing, well-reasoned decision, an appellate court should refrain from writing at length to no other end than to hear its own words resonate.").

In addition to challenging the district court's ruling on the merits, the plaintiffs contend that the district court abused

its discretion by denying them a continuance so that one of Camacho's treating physicians could testify. The plaintiffs did not subpoena the physician and, on the day of trial, the physician did not appear. The plaintiffs requested a continuance which the court granted until the next day. The physician again did not appear. The court permitted Camacho to testify concerning his care by the physician and allowed the plaintiffs to submit certain documentary medical information. The court asked the plaintiffs' counsel if this evidence was a sufficient substitute for the physician's testimony. He responded that it was and that the case could be submitted for decision.

The plaintiffs have waived any argument concerning the failure of the physician to testify. The plaintiffs agreed to the court's alternate procedure for introducing the necessary evidence and told the court that they were satisfied. After affirmatively approving the court's handling of the physician's absence, they cannot now complain that they were prejudiced by the court's decision not to grant a further continuance so that they could secure the physician's presence at trial.

**Affirmed**.

-4-